of America. Mr. Kleinman, for the appellant, who I understand would like to preserve two minutes for rebuttal. Is that right? Yes, sir. That's correct. Whenever you're ready. If it pleases the court, my name is Bernard Kleinman. I represent the petitioner appellant Mr. Thomas. This is a, the court had previously made an inquiry as to whether, which of the decisions of the district court was being appealed. There was an April 27, 22 decision of Judge Scullin in the Northern District in which he denied Mr. Thomas' habeas petition. In that habeas petition, he brought forth three arguments. One was under the CARES Act under 3582. The other two were regarding failure of the, his trial counsel to object to the jury verdict form. And thirdly, his argument that his trial counsel had failed to file a notice of appeal. The issue before this court from the appellant's perspective is this issue about failure of trial counsel to file a notice of appeal. And this is after the resentencing, correct? Correct. That's correct, Judge. I'm not going to go through the rules on duty of attorneys and so forth, because everybody knows what those are. The issue here really, and there's some restriction as we know from Roe and from Garza about the duty of the appellant, of the defendant rather, to actually be at least somewhat proactive in asking his counsel to file a notice of appeal. Mr. Thomas, in his habeas petition, claimed that he had asked his trial counsel to do so, and he did not. There's nothing in the record that is produced that says that his trial counsel did. There was an, the initial response from the government said that there was an affidavit, I believe, but actually that was correct. And I filed my reply brief and there was a letter, I think just filed on the record from the government, in which they acknowledged that in fact they cited the wrong attorney representing the wrong defendants in the case. I assume the court has seen that letter. Yes. Great. Thank you. All right. So the issue here is whether in fact there is sufficient basis. Now, Judge Scullin, rather, in his opinion, I think it's really important, he actually used the language that it was unclear to him whether in fact a notice of, there had been a request for a notice of appeal. You take the context, especially in this case. This wasn't a plea proceeding. This wasn't something where there was a really brief trial. This was a complicated case. There were numerous motions filed in this case before trial. There was, I think it's ECF-191, the district court, there was an omnibus motion where Judge Scullin made rulings directly related to Mr. Thomas. He denied a severance. He denied a 404B request. If we could just fast forward a little bit. Yeah, sure. I'm just trying to focus on the place in the record where your client, who was acting pro se at the time, right? Correct. Raises this claim in the 2255 proceedings. I'm looking at GA-48. Is that the only spot? Yes. Number one, am I looking at the right spot? Yeah, that's the place. That's the only time is when he raised it in his habeas petition. Okay. And there was no separate affidavit. And I understand that he signed it under pain and penalty of perjury. So I would understand that we should take this as an affidavit. Yes. And I think that, you know, what's interesting here, as your honors may well know, and you know, in New York, they're doing away with the need for a notary. I mean, if you sign something under penalty of perjury, it has the same weight and effect as if you're, as that you're, if you lie, you commit perjury. Let's assume that this has the weight of an affidavit. Okay. My question is, is how should we fault the district court for finding that there was inadequate detail here where it says, and I think it's literally only one sentence, the penultimate sentence on page 48, where it says, Thomas swears he will file a notice of appeal on his behalf. That clearly was not done. He doesn't suggest when it happened. For example, was it before the time for filing a notice of appeal had run? Was it before, you know, was it even at a time when it was capable of being filed? Much less, was it by letter? Was it by phone? I agree. There's not a lot of detail here. Okay. And I think that any request like this has to be taken within the context, and I think the case law talks about the context in which a party is requesting a notice of appeal be filed. As I started to say, I mean, not only was this a two-week trial, there were a lot of really detailed motions. That decision I referenced before was a 50-page decision by Judge Scullin on numerous motions that had been filed by the defendants. It is hard to believe, okay, in the context, remember, of someone, he's not a lawyer, okay, and requiring an individual to, well, you know, you've got to send a letter, you've got to send, you've got to be more specific, you can't just say that I met with my lawyer in the jail and I said, are you going to file a notice of appeal? And the judge said, the I think also, as I try to raise in my brief, that filing a notice of appeal is the simplest process you could actually ever have as a lawyer. The court itself has its own form. So you don't even, it's like a no-brainer. I mean, plug in the name of the parties and e-file it. You don't have to go down to the court anymore, okay? It's not like, you know, in state court, you go to the AD and you've got to file all these reasons why you're appealing. You don't have to do that. You just have to file it. And as I said in my brief, once it's filed, that really ends the duty of the defense attorney. Because the defense attorney can then say, you know what, I'm private counsel, not being paid, you've got to get someone else to do it. Or I looked at the issues and there are no issues here. But, gee, I mean, there are a lot of issues. A two-week trial and all these motions filed and I think that under this context that I agree, there's really nothing in the record beyond my client's statement that he made under penalty of perjury, for whatever that means, okay? Considering what he's convicted of, you've got to kind of weigh that also. I'm no fool here. What is the nature of the hearing? I'm sorry, Judge? What is the nature of the hearing that you argue your client is entitled to by virtue of swearing that he told his lawyer to file an appeal? Are you asking for the relief that I'm asking for? Yes. What's the nature of the hearing? Okay, what I'm asking for, first of all, I think an evidentiary hearing in the district court level in front of Judge Scullin, whereas trial counsel can actually then testify. Yeah, you know, and lawyers, I know a lot of lawyers don't like to do this because they don't like to fall on the sword. Why can't that be done on papers? I guess it could be done on papers, but there's nothing in the record that says that happened. There's nothing in the record. The government certainly could have spoken to his attorney after the habeas petition was filed and gotten that affidavit, but they didn't. Well, a lot of defense lawyers, in my experience, a lot of defense lawyers are unwilling to get that out, even though there's a more than arguable argument to be made that by making this allegation, the defendant has waived his attorney-client privilege, at least with respect to this communication. But many defense lawyers, in my experience, still, out of an obligation or duty of loyalty to the client, will not provide a statement to the court unless so ordered. That's true, and I think that it's, I've handled a lot of these cases and seen where a lot of times the trial lawyers file an affidavit that's kind of incredulous, but, I mean, what you're asking the trial lawyer to do is kind of fall on the sword here. And trial lawyers, nobody wants to fall on the sword, but I have enough faith in the system, for whatever that's worth, that certainly more than a decision from Judge Scullin denying the relief here, that there should be, I mean, even if it's on the pleadings, Judge Jacobs, at least more to establish that did, in fact, this individual say to his lawyer, you know, file a notice of appeal, for God's sake, because there are a lot of issues here. I had a two-week trial and I got sentenced initially to, like, 150 years, for God's sake. That's a lot. All right. You've reserved two minutes for rebuttal. Why don't we hear from the government? Thank you, Judge. And maybe, Mr. DeSantis, you could just begin by telling us whether there's anything in the record reflecting whether there was any communication with, I don't My understanding is the record does not reflect anything one way or the other from this attorney, right? There's no affidavit. No. No testimony or nothing. This is just the district court said, I don't need anything further that these allegations are too sparse, and rejected the claim based on that.  That's correct, Your Honor. The decision was based on Mr. Thomas's failure to meet the standard that this court set out in Gonzales, where it says you have to have specific, you should provide specific facts, supported by competent evidence, of your, in order to get to a hearing on a 2255. And a hearing can mean either on the papers or in person. What more specific information, in your view, did Mr. Thomas have to provide? I understand when a statement is unambiguous, or rather is ambiguous, so we often see that, right? A pro se pleading that says something like, I wanted my lawyer to file a notice of appeal, and he didn't. You say, well, all you've said is I wanted. You haven't clearly stated I instructed my lawyer to do so. Or I thought it was a good idea. My lawyer agreed it was a good idea. Again, that doesn't say I instructed my lawyer. He says, he swears he instructed his lawyer. So is the only thing missing the timing, or do you think we would require him to say, and I did that in an in-person meeting, or I did that by letter? What is the quantum that is missing in the government's view? I think it's the timing for the reason you've mentioned. When did you make this request? Because it could have come after the deadline that are imposed on a notice of appeal. Also, providing more specifics allows the government the opportunity to have something to contest. We really don't have any way of knowing any of the specifics here, so it becomes much more difficult. Is there any reason we might not simply send it back to see if there are any such details of people provided? Your Honor, I think it's because of Gonzales. I think the question here is whether the district court abused its discretion in not holding any further hearing. Again, I think the court should hesitate when you have such a bare-bones assertion with absolutely no factual detail to then essentially ask the government to go to the defense attorney and invade the privilege. I understand that it could be waived, but still I think there's a natural hesitance to do that, unless it's required by the court or by the specificity. Isn't it required by Composado? It says, when a defendant claims that his attorney failed to file a requested notice of appeal, the following proceedings will ensue. One, a hearing before the district court, pursuant to 2255, to determine whether the client requested the appeal. So, why is it just entitled to be? Now, as your adversary concedes, it doesn't have to be a three-day hearing, and it doesn't have to have live witnesses. But here there was no inquiry, and there was a two-week trial, and the man was sentenced to 155 years in prison. You think he would consider, it's not implausible that he would consider the possibility that he might appeal, and how else could he do that but through his lawyer? Your Honor, I think it's two points. First, I think if you look at Gonzales, though, and that's citing other case law that it's incorporating, that sets a certain standard required by even a pro se defendant in a 2255, provides some detail. And he doesn't do that even after, and I think it's important to note, he doesn't do that even after the government responds first initially. He didn't provide any details. He has a reply. He doesn't say anything. He then asks for reconsideration, doesn't provide any further details, knowing that this is the issue. This is the key issue. Didn't he specify which lawyer it was? It was the sentencing lawyer. Yes. There's a record for this. Well, Your Honor. Can you find the name, the address? I don't know. But when did you do that? What did you say? Was there further consultation? Did you debate about whether there's an appeal? Because without anything else, we don't even really know the precise nature of this claim. We don't know anything. That's why people have hearings. But, Your Honor, there's still a burden to get to that hearing. There's still, under Gonzales, a burden for the defendant to justify that hearing. Even if it's a minimal hearing, there still has to be that burden that's there under Gonzales. And you can't, I think, we can't just ignore that. And I think it, here specifically, after We know where it took place because it took place in jail. Since he was sentenced to 155 years, I assume he was remanded. That's the second point. I think it's also very clear, important not to, I think it's, because of the record here, it's very easy to slip back into time and to talk about the 155-year sentence. What we're talking about is an appeal after his sentencing when he got an 84% reduction in his sentence. To what? To 293 months. And that's what the notice of appeal, the putative notice of appeal would have related to, the recess. And that's what he says. And I also want to say that if you look at GA 46, 47, and 48, he says three times, I'm talking about my most recent sentence, most recent attorney, my most recent sentencing attorney. He's talking about an appeal related to the resentencing. Now, he wants to bring this claim. And also, when he's in his 2255, he doesn't say I want to bring He was resentenced. Right. In your view, he got a terrific break. But he has a right to appeal from that. Of course. But, Your Honor, I think And he said he swears. I mean, the circumstances, he swears. He identifies the lawyer. And he said he asked him to file an appeal. It's not implausible that somebody would wish to file an appeal facing many years in jail. I get it, Your Honor. I would just point back to Gonzalez. You wanted to say what day it was? When this happened. It's important. How would that assist you if you knew what day it was? Because he could have been out of time. He might not have had the opportunity or the right anymore to file a notice of appeal. Also, I guess one question here is, Mr. Thomas was pro se at this point. Right. Would our analysis be different if he had been counseled? When he filed this 2255, and if he had an affidavit that was one line, And it was the line that we find on page 48. It says, I swear I told my lawyer to file a notice of appeal. He said, well, look, you've got a lawyer. You've got to know that you've got to let some more material facts, right? Was it on time? Was it not on time? But because we're supposed to construe pro se filings more charitably, is it arguable that we should have a different standard that we should apply? And we should apply a more charitable reading, Rather, the district court should have applied more charitable reading and said, well, You know, we are not going to require that he give us the date on which he did it. Or tell us it was by letter as opposed to when he happened to have a meeting with him. Perhaps it was at his resentencing. Right. I would assume that most of these discussions at least start at the moment of resentencing. Somebody gets resentenced at the conclusion of the proceeding. The district judge should, as part of the allocution, saying, And Mr. So-and-so, you have a right to file a notice of appeal. And if you do so, it should be filed within 14 days. Blah, blah, blah. That's, I think, typically what happens. Should we not, again, charitably read this pleading to say, well, look, There's at least enough here that the district court should have taken the easy step, Which is just issue an order to show cause to the defense lawyer, whoever it was at the time, And say, submit an affidavit as to whether or not he instructed you to file a notice of appeal. And then the district court can then make a credibility assessment, if it feels it can. And say, look, I've got all these details from the lawyer saying, nope, nope, I told him. These are his rights. He never told me to file a notice of appeal. And say, well, look, there's lots of reasons to believe the lawyer. I credit the one affidavit of the other. Maybe that would be fine. But why don't we just get to that first relatively easy step? I mean, first of all, I think in context, he had multiple opportunities to provide a little more detail. He was told, he was put on notice by the government's initial response to the 2255. He then doesn't provide those details. He asks for reconsideration. Again, the government response, there's not enough detail. He has a reply. He doesn't provide those details. I think after that amount of time, I think it's a reasonable inference for the district court to make that, in fact, because you can't provide these various, it's very simple to do. And what he could have done. And the court decided this issue. And he then asked for reconsideration on it, still not providing those details. So he knew exactly what he was, they gave him a roadmap to do this. His refusal to do that, I think it's a reasonable inference that he wasn't telling the truth. And, again, I think it's important. And I appreciate your pointing out the question of the responses, because I'm just looking now at page 72 of the government appendix, and I'm realizing that this is something that Mr. Thomas filed. Tell me if I'm reading this right. June 2nd it was filed, which is prior to the district court's ruling. So am I correct in terms of the sequencing here? Now, is this the? The ruling that's under, that would have rejected the 2255. Right. Is that GA74, right? Right. So that means everything preceding that, including GA72, was before the district court. It was part of the record. And it was also putatively under penalty of perjury. And I'm looking there, and there is that line there, which I neglected to point out before, in response to the government's opposition, as you say, that there wasn't enough detail. And he says, the court knows I was being held on a writ issue to return me to local custody for the BOP at the time of resentencing. I was in jail, comma, and I asked my lawyer to handle the filing and preservation of my appeal. So, again, if we are reading the pro se filings as charitably as they ought to be, do we now have the where? And I think before we were saying that you were arguing that we're missing the when and we're missing the where. We now have an allegation of the where. He's saying I was in jail at the time of resentencing, waiting to be returned to local custody for the BOP. And I suppose the when, we could narrow that down by reference to when he was transferred back to local custody for the BOP. That presumably is a knowable fact. Correct, Your Honor. And I guess in light of that, if we now at least have an allegation to the where, who knows, maybe his counsel would reply with an affidavit saying it never happened. But we now have an allegation. It was an in-person conversation in the particular jail, presumably in the marshal's lockup, I guess, right? However that's handled in there. I mean, how do we deal with that? I mean, again, when we're dealing with, the next procedural step would not necessarily be necessarily a full-blown evidentiary hearing, all these witnesses parading there, unless the district court looking at the affidavit from counsel then said, you know what? These affidavits are just too tricky. I need to hear everybody. I need to see demeanor. I need to make credibility determinations based on more than the affidavit. Correct. Your Honor, you're correct. And I think putting those two pieces together, we could probably get a general sense of when this happened. I would note that in his further motion for reconsideration after the district court denied this, he never provided more further detail on this. But this piece was in the record prior to the decision. It was in the record. You've got the where in an approximation of the when. It's sort of a description of the when without an assignment of a particular date. Right. And that's not a date that the government proposed to reconstruct. And I can see why it would not have been necessarily obvious, nor did the district court attempt to reconstruct. Your Honor, correct. And I think if you were inclined to send this back, I think what we asked for in our brief is that it make clear that you're not requiring a full evidentiary hearing. I would just want to make one clarification. Sure. In terms of what he said he wanted his attorney to appeal on, he identified the one issue that he raised in his 2235. He did not say I wanted to revisit all the omnibus motions. Well, that's not on us, right? When one files a notice of appeal, it just says I appeal, period. Right. And one need not specify or preserve particular issues. You file it, and then God bless you, whatever you're allowed to appeal. Right. To the extent, I just wanted to make this clear, because I think there's been some muddying of the waters there. No, I agree. But that doesn't seem here or there, right? It's either he gets to file this piece of paper, and everything flows, or he doesn't get to file that piece of paper. Right. And that would be the only outcome of this 2255, is that if he prevails, he gets to file the notice of appeal. Whatever he raises, they could be winners, they could be losers, but who knows? That's for a whole other day, right? Correct. And for us. Correct. Got to keep us in business somehow. Do you have anything further? Or let's hear from Mr. Kleinman. I don't have anything further. Thank you very much. Mr. Kleinman, you have two minutes, if there's any last detail we have missed. No, I don't believe that there are any last details. I just want to reemphasize what you yourself recognize about there's an issue about the quantum of proof necessary. And I think it has to be that quantum of proof is not just a strict red line rule that applies across the board, no matter the circumstances. It's certainly the quantum of proof for an individual who, first of all, is either pro se or someone who is no knowledge of the federal judicial system or any judicial system or someone who is not conversant in English, whether they're Hispanic or Chinese or any other ethnic group. I think that the court has to look at it in that context. And here, Mr. Thomas did a lot of this stuff pro se. And he certainly didn't know that he needed to provide a lot more detail. I mean, I would take the view that we should view both of those two submissions that I was referencing. The first one that was on GA 48 saying I instructed my lawyer, but also the second one filed shortly before the district court's ruling saying, and I made that communication while I was in jail during this particular period. Both of those communications should be relevant to, should have been relevant to the district court's decision. Absolutely. I think that, you know, and I'll just be really brief here, Judge. You know, I have in my brief, I quote from Wright where it says, where the record of what a defendant did or did not ask his lawyer to do was less clear cut and thus further factual development is needed to ascertain whether a claim of ineffective assistance of counsel is present. And that's all we're looking at. So I kick this back to Judge Scullin. Let Judge Scullin make a record on whether it can be, and it can be, you know, it's pretty simple these days. I've had these hearings, you know, Zoom so that everybody's where they are. Nobody needs, you know, it's not a big deal, travel issue. And the defendant can testify from whatever facility he's in. Or it could be on the papers, right? If the district court exercises discretion once it gets the papers. Yes, that's true. To decide whether even a Zoom is necessary, right? Correct. He can get the papers and then make that determination. But that's the sort of thing we would not presume to micromanage in advance for a district judge. No. If we don't have these papers, we have no basis for knowing what sort of proceedings would be appropriate if it were to be remanded. Right. And the judge is the boss of his courtroom, so he can make that determination certainly. Okay. I thank you very much. Thank you very much. We will take this case under advisement.